# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRI HETTLER, | : | No. 3:17cv1646 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
|     v. | : | |
| | : | |
| INTREPID DETECTIVE | : | |
| AGENCY, INC., | : | |
|     Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Plaintiff Terri Hettler's motion in limine to preclude any reference to the plaintiff's previously dismissed claims in this employment discrimination action. The motion has been fully briefed and the matter is ripe for disposition.

## Background

On September 28, 2014, Plaintiff Terri Hettler arrived at Romark Logistics, a worksite at which Defendant Intrepid Detective Agency, Inc. (hereinafter "defendant") provided security service. Upon arrival, the plaintiff met with Kalyn Bodnar, a supervisor for Defendant Intrepid. The plaintiff contends that Bodnar had hired the plaintiff to work for the defendant, and she arrived at Romark Logistics to complete her training. The plaintiff alleges that the defendant terminated her employment during her training after the operations manager, James Kokinda, noticed that the plaintiff was pregnant. The plaintiff argues that

the defendant, through its employees Bodnar and Kokinda, communicated that plaintiff's pregnancy was a liability for the defendant, and because of that, they had to send her home. The plaintiff also alleged that the defendant discriminated against her because of her prior employment as an exotic dancer.

The defendant, however, argues that plaintiff came to the worksite that day because she was interested in a potential job. According to the defendant, Bodnar does not have the authority to hire employees. The defendant contends that the reason it did not hire the plaintiff was because the position had already been filled.

The plaintiff filed a two-count complaint on September 13, 2017, alleging discrimination on the basis of sex and pregnancy in violation of both Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act (PHRA). (Doc. 1). Upon completion of discovery, the defendant filed a motion for summary judgment. (Doc. 24). We granted defendant's motion for summary judgment in part on February 2, 2019, dismissing the plaintiff's Title VII sex discrimination claim and PHRA claim related to her previous employment as an exotic dancer. (Doc. 33). We denied the defendant's motion as plaintiff's Title VII and PHRA claims related to pregnancy discrimination. (Id.)

On May 16, 2019, the plaintiff filed a motion in limine seeking to preclude from trial any reference to the previously dismissed claims, including all

references to her prior employment as an exotic dancer. (Doc. 37). The defendant filed its brief in opposition on May 22, 2019, bringing this case to its present posture. (Doc. 39).

**Discussion**

As noted above, the plaintiff originally brought claims against the defendant for sex discrimination based on the plaintiff's prior employment as an exotic dancer. At the summary judgment stage, we dismissed these claims, finding that the plaintiff had not presented evidence that she was qualified for the position for which she had applied, nor did she establish that she was not hired (or terminated) for the position with the defendant's company under circumstances giving rise to an inference of unlawful discrimination. We further found that gender stereotyping based upon a female's former employment as an exotic dancer is not the kind of discrimination that Title VII or the PHRA were designed to protect against. (Doc. 32).

The plaintiff now seeks to exclude the introduction of all evidence relating to those previously dismissed claims, specifically evidence of her former employment as an exotic dancer. The plaintiff contends that evidence of her former employment is not relevant to the remaining claims of pregnancy discrimination, and that even if there is some relevance to the evidence, the

3

probative value of that evidence is substantially outweighed by the unfair prejudice to the plaintiff.

The fact that the plaintiff cannot maintain a successful employment discrimination action based on evidence of her employment history is not a sufficient condition to make her employment history irrelevant. The true test for relevance is whether the evidence has some "tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401. The fact in question must also be "of consequence in determining the action." Id.

The defendant argues that evidence of the plaintiff's former employment is relevant, as it is a question for the jury to determine whether plaintiff's work as an exotic dancer contributed to the defendant's decision not to hire her (or terminate her employment) as opposed to whether she was allegedly not hired (or terminated) because she was pregnant. After careful consideration, we agree with the defendant that this evidence is relevant. As acknowledged by the parties, the ultimate reason for the defendant's decision not to hire the plaintiff (or terminate her employment) is still contested. Thus, evidence of the plaintiff's employment history, a possible contributing factor to the defendant's decision, remains relevant to the case.

We next consider whether, despite its relevance, evidence of the plaintiff's former employment as an exotic dancer should be excluded for danger of unfair

4

prejudice. Federal Rule of Evidence 403 contains the standard for excluding relevant evidence because it is too prejudicial. The court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." FED. R. EVID. 403. For evidence to be excluded under Rule 403, it need not just be damaging to one side, but rather it must create "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." See Old Chief v. United States, 519 U.S. 172, 180 (1997) (citing Advisory Committee's Notes on FED. R. EVID. 403).

Here, the plaintiff has failed to assert how this evidence would have an unfairly prejudicial effect. Without such a showing, there is insufficient support for the assertion that testimony regarding the plaintiff's prior employment would create an unfair risk of prejudice. Thus, at this point, we agree with the defendant that it is premature to exclude this evidence.

**Conclusion**

For the foregoing reasons, the plaintiff's motion in limine will be denied. An appropriate order follows.

**BY THE COURT:**

**Date: May 28, 2019**               **s/ James M. Munley**
                                     **JUDGE JAMES M. MUNLEY**
                                     **United States District Court**